UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01756-SEB-MG |
| | ) | |
| CENTURION HEALTH OF INDIANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Without Prejudice Motion for Preliminary Injunction**

Plaintiff Eric Carter, who is currently incarcerated at Pendleton Correctional Facility, alleges in this case that he has been denied medical care for his serious medical condition. With his complaint, Mr. Carter filed a motion for preliminary injunction seeking emergency treatment.

**I. Preliminary Injunction Standard**

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

## II. Factual Background[1]

Starting in June of 2025, Mr. Carter sought treatment for kidney pain and decreased urine output. *See* dkt. 28-1 at 388. He was given pain medication and on June 12, defendant NP Mabandla ordered a CT scan and requested an outside consultation. *Id.* at 395-401, 403. Mr. Carter continued to complain of pain and continued to receive pain medication. *See id.* at 405-08, 412-14. His CT scan was performed on July 3 and revealed a 2.3 cm kidney stone and kidney swelling. Dkt. 28-2 at 103. Dr. Nwannunu requested another urology consult and provided pain medication. Dkt. 28-1 at 417-21. Mr. Carter had that consult on August 12, and the provider noted that Mr. Carter likely needed surgery and that they needed the CT records. *Id*. at 428, 432. A few days later, Dr. Nwannunu sent Mr. Carter to the hospital for severe pain, blood in his urine, and increased blood pressure. Imaging during that hospitalization revealed moderate right swelling, a large kidney stone, and multiple additional stones. Dkt. 28-2 at 112. Hospital urologists recommended outpatient follow up but did not recommend admission or surgical treatment at that time. *Id*. at 116.

On August 20, Mr. Carter received approval for outpatient follow up with urology. Dkt. 28-1 at 456. Mr. Carter's kidney stone removal surgery was scheduled for September 10, 2025. *Id.*

---

[1] The Court notes that Local Rule 5-6 requires that an electronically filed exhibit must be "given a title which describes its content." The defendants labeled their exhibits, "Exhibit," contrary to this Rule. Moreover, to assist the Court with reviewing the exhibits, the Defendants are encouraged to cite the page number consistent with the pdf document in the ECF filing, rather than the BATES number. *See Gross v. Town of Cicero*, 619 F.3d 697, 702 (7th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in the record.").

at 457. For security reasons, Mr. Carter was not given advanced notice of the date of this surgery. Dkt. 28-3 ¶ 8.

Mr. Carter filed his Complaint and motion for a preliminary injunction on September 4. Dkt. 2, 4. On September 10, he had surgery for his kidney stones. *See* dkt. 28-1 at 465-66.

## II. Discussion

In his motion for a preliminary injunction, Mr. Carter explained that he had not had surgery and had been denied emergency treatment. For relief, he asks the Court to order that the defendants "follow through with examine of all treatment throughout this civil case…." Dkt. 4 at 6. In response to the motion, the defendants point out that Mr. Carter underwent kidney surgery shortly after he filed it. The defendants argue therefore that Mr. Carter's request for relief is moot. Mr. Carter replies that he has additional kidney issues and still is not receiving treatment. But it is undisputed that Mr. Carter has received the treatment that prompted his original motion. Because there is not enough information or briefing on his request for additional treatment, the Court cannot assess whether further injunctive relief is warranted.

Further, the Prison Litigation Reform Act ("PLRA") constrains a court's authority to enter an injunction with respect to prison conditions. Under the PLRA, "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 713 (7th Cir. Jan. 12, 2022) (reversing district court's order imposing

permanent injunction because mandating that prison hire a minimum number of mental health professionals "impermissibly strips [prison] officials of the flexibility necessary to adopt and implement policies that balance prison resources, safety concerns, and inmate health."). Mr. Carter's request that the Court order the defendants to follow through with all treatment is too broad under the PLRA.

## III. Conclusion

For the foregoing reasons, Mr. Carter's motion for preliminary injunction, dkt. [4], and his motion for court assistance in which he seeks the same relief, dkt. [22], are **denied without prejudice as moot**. Mr. Carter may renew his motion if he chooses to do so by providing current information regarding his medical care and making a more specific request for relief.

Mr. Carter's motion to inform the court regarding his delay in filing a reply, dkt. [31], and motion to present evidence with reply, dkt. [33], are **granted** to the extent that his reply was considered. His motion for case status, dkt. [62], is **granted** to the extent the **clerk shall include** a copy of the docket with his copy of this Order.

**IT IS SO ORDERED.**

Date: 8/19/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ERIC CARTER
269056
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel